IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BRENT GREER, | No. 2:14-CV-2076-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 19) and defendant's cross-motion for summary judgment (Doc. 22).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on November 23, 2010. In the application, plaintiff claims that disability began on March 6, 2009. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on June 1, 2012, before Administrative Law Judge ("ALJ") Carol A. Eckersen. In a July 11, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): chronic low back pain and spasms, multilevel degenerative spondylosis of the thoracic spine, adjustment disorder with anxious mood, pain disorder, and depressive disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: light work except he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can occasionally balance, stoop, kneel, and crawl; he can perform non-public work involving frequent interaction with coworkers and supervisors; and he requires an option to alternate sitting and standing at will (estimated at one to two times per hour) while remaining at the workstation;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on June 20, 2014, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

1  support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,
2  including both the evidence that supports and detracts from the Commissioner's conclusion, must
3  be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones
4  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's
5  decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.
6  Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative
7  findings, or if there is conflicting evidence supporting a particular finding, the finding of the
8  Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).
9  Therefore, where the evidence is susceptible to more than one rational interpretation, one of
10 which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.
11 Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal
12 standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th
13 Cir. 1988).

### III.  DISCUSSION

16          In his motion for summary judgment, plaintiff argues that the ALJ erred with
17 respect to lay witness statements.  Plaintiff also argues that, because of this error, the ALJ erred
18 in rejecting his own statements as not credible.  Finally, plaintiff also argues that, given these
19 errors, the ALJ's residual functional capacity assessment was flawed and, in turn, the ALJ relied
20 on vocational expert testimony based on flawed hypothetical questions.  Plaintiff does not
21 challenge the ALJ's evaluation of any of the medical evidence.
22          In determining whether a claimant is disabled, an ALJ generally must consider lay
23 witness testimony concerning a claimant's ability to work.  See Dodrill v. Shalala, 12 F.3d 915,
24 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e).  Indeed, "lay
25 testimony as to a claimant's symptoms or how an impairment affects ability to work is competent
26 evidence . . . and therefore cannot be disregarded without comment."  See Nguyen v. Chater, 100

F.3d 1462, 1467 (9th Cir. 1996). Consequently, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919. The ALJ may cite same reasons for rejecting plaintiff's statements to reject third-party statements where the statements are similar. See Valentine v. Commissioner Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (approving rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints).

Regarding lay witness statements in this case, the ALJ stated:

> The claimant's girlfriend Jannette Chamberlain and his roommate Phillip Galloway provided supporting third party statements suggesting that the claimant has had side effects from medication including disorientation; he is in constant pain; the pain is worse in cold and rainy weather; he often lies down to relieve the pain; the simplest chores cause extreme pain; he has difficulty standing, walking, and lifting; and he is unable to work at any job. (Ex. 4E, 12E, 13E). However, these statements are given little weight because they are inconsistent with the discussed treatment records that show that the claimant's condition is well controlled. Ms. Chamberlain and Mr. Galloway also have a personal bias in favor of the claimant that could affect their objectivity based on their friendship with the claimant.

Plaintiff argues that the ALJ erred by not allowing the lay witnesses to testify at the administrative hearing. According to plaintiff:

> . . .Plaintiff's counsel called the lay witnesses to testify at the hearing and that was denied, yet there was nothing in the ALJ's decision about why they were not allowed to offer live testimony. Rather than prohibiting the live testimony of Plaintiff's corroborating witnesses at the hearing, it was incumbent upon the ALJ to hear that testimony and evaluate the credibility of it.

Plaintiff contends that the ALJ denied his right to due process by refusing to allow live lay witness testimony at the hearing.

/ / /

/ / /

/ / /

The record belies plaintiff's argument. Specifically, a review of the hearing transcript reflects that plaintiff, who was represented by an attorney at the hearing, never requested that Ms. Chamberlain be called to testify. As to Mr. Galloway, the transcript contains the following exchange:

> ATTY:    Yeah, we are getting redundant. If I could bring his roommate in for thee minutes?
>
> ALJ:     I am going to need to take a written statement from the roommate because I do need to take vocational testimony.
>
> ATTY:    That's right. That's right. Okay, I will stop then.

Thus, plaintiff's counsel waived the issue of live testimony from plaintiff's roommate and accepted that the ALJ would consider a written statement instead.

As to the ALJ's consideration of the statements provided by Ms. Chamberlain and Mr. Galloway, the hearing decision clearly shows that the ALJ provided reasons germane to each witness for rejecting their statements, and plaintiff does not argue otherwise. Because the ALJ properly considered lay witness evidence, the ALJ's adverse credibility findings as to plaintiff's own statements was proper, and again plaintiff does not argue otherwise. Because the ALJ's credibility finding was proper, the residual functional capacity assessment and, in turn, the hypothetical questions posed to the vocational expert, were also proper. Again, plaintiff does not argue otherwise. Plaintiff's entire argument is derivative of his due process argument concerning live lay witness testimony, which the court rejects.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 19) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 22) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 30, 2016

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE